UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| TRISTAN J. HALL | ) |
| Plaintiff. | ) |
| v. | ) No. 3:23-CV-446 |
| CHARME P. ALLEN, et. al. | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Tristan J. Hall's Motion to Reopen and for Leave to Amend [Doc. 36]. Mr. Hall originally filed a complaint in December 2023, bringing various claims for retaliation, deprivation of rights, and neglect to prevent. [Doc. 1]. Mr. Hall later voluntarily dismissed this action pursuant to Federal Rule of Civil Procedure 41(a). [Doc. 34]. Mr. Hall now moves to reopen this matter and for leave to amend his original complaint to add new claims that arose after his initial filing. [Def. Mot., Doc. 36].

Prior to the Supreme Court's decision in *Waetzig v. Halliburton*, treatment of a voluntary dismissal under Rule 41(a) as a final judgment for purposes of Rule 60(b) was mixed. However, *Waetzig* settled this question – Rule 41(a) voluntary dismissals without prejudice do qualify as a final proceeding under Rule 60(b). *Waetzig v. Halliburton Energy Servs., Inc.*, 604 U.S. 305, 145 S. Ct. 690, 221 L. Ed. 2d 143 (2025). Therefore, the Court may relieve Mr. Hall from this final proceeding for any reason enumerated in Rule 60(b)(1-6). Fed. R. Civ. P. 60(b).

Mr. Hall only asks the Court to consider his motion under Rule 60(b)(6), which allows the Court to relieve Mr. Hall from the voluntary dismissal of his action for "any other reason that justifies relief". [Def. Mot., Doc. 36, at 5]. The reasons that Mr. Hall offers are that he "likely would not have been able to maintain this Action while under Defendant's custody and control" as he was in solitary confinement, and that if this Court would have granted him the relief he sought in the original action, he would not have suffered harm while under the defendant's control. [*Id.*] He goes on to say that "there could be no greater reason that justifies relief." [*Id.*]

As the Court has informed Mr. Hall before, "prisoners routinely file and litigate cases from within the prison system", so his incarceration is inconsequential. [Order, Doc. 32, at 2]. To the extent that Mr. Hall states that he could not have maintained this action because he was not only incarcerated but in solitary confinement, preventing access to his attorney and to legal materials, he provides no evidence that he was restricted from reaching his attorney and accessing legal materials. The Court will not lightly infer a violation of the right to counsel on a bare assertion with no evidence of attempts to access his attorney and legal materials or of a policy preventing him from doing so.

Additionally, Mr. Hall's opinion that this Court's prior rulings in this matter were erroneous or caused him irreparable harm is not of consequence here. The Court's prior rulings were rooted in law and in fact, and Mr. Hall's disagreement does not change that. The Court cannot find that a party receiving a non-favorable outcome is a reason that justifies relief under Rule 60(b). If that were the case, every party that is unhappy with the outcome of a ruling could find relief from a final judgment.

Finally, Mr. Hall seeks to amend his original complaint by adding claims based on events that transpired after the filing of his original complaint and some which transpired after the voluntary

2

dismissal of the original action. [Def. Mot., Doc. 36, 1-6]. Voluntary dismissal of the action closed this proceeding. "A voluntary dismissal without prejudice leaves the situation as if the action had never been filed." *Hall v. Kroger Baking Co.*, 520 F.2d 1204 (6th Cir. 1975). Therefore, Mr. Hall cannot now attempt to bring new claims in an action he chose to dismiss.

Because Mr. Hall has not provided the Court with an adequate reason to provide relief under Rule 60(b)(6), his Motion to Reopen and for leave to Amend is **DENIED**. If Mr. Hall wishes to proceed with claims against defendants, he must file a new action.

So ordered.

ENTER:

s/ J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
